### LETZKUS *v.* LETZKUS.

Opinion delivered June 27, 1927.

DIVORCE—CONDONATION.—A decree allowing a wife temporary alimony for the maintenance of herself and child will not be set aside on the ground of condonation, where the husband subsequently entered and remained in his wife's home by force, occupying rooms separate from her, and not conversing or eating with her.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Ben F. Reinberger,* for appellant.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of Pulaski County annulling a temporary allowance of $75 per month in favor of appellant against appellee for the support and maintenance of herself and their child, which the chancery court rendered upon complaint and notice on the 28th day of July, 1926,

and dismissing her complaint alleging sufficient grounds for alimony for the support and maintenance of herself and their child. The decree which was annulled also restrained appellee from selling or disposing of a certificate of stock in the Arkansas Abstract Guaranty Company until he should give bond to perform the decree of the court requiring him to pay alimony.

A response was filed to the motion to set aside the decree. The issues joined in the motion and response were submitted to the court for adjudication upon the following agreed statement of facts, filed October 7, 1926:

"In the Pulaski Chancery Court.—Ida M. Letzkus, plaintiff, v. Anton Letzkus, defendant.

"The parties in the above entitled and numbered cause agree on the following statement of facts, upon which judgment shall be rendered therein, the controversy being submitted to the court upon same as such agreed statement of facts:

"That Ida M. Letzkus of Little Rock, Arkansas, instituted a suit for maintenance and support from Anton Letzkus, her husband, alleging that he left and abandoned the plaintiff, and for other causes. That the defendant was duly served with process and a notice for temporary maintenance, and also for an injunction restraining the defendant from assigning and transferring his certificate of stock in the Arkansas Abstract and Guaranty Company, of Little Rock, Arkansas. On the ———day of August the matter came on to be heard, decreed, ordered and directed before final hearing that the defendant, Anton Letzkus, do pay to the plaintiff on the 28th day of each month $75 as temporary support for herself and child, and the further sum of $50 as attorney fee and $15 court costs. That the defendant has paid to the plaintiff the first month's support and the attorney fees. The court further ordered and enjoined the defendant from selling or transferring his certificate of stock, unless security was given to pay for the monthly support

of the plaintiff and her child.   That, after said temporary
order was entered, the plaintiff, Ida M. Letzkus, contin-
ued to live at her home at 1411 Center Street, Little Rock,
Arkansas.   During his absence she caused locks to be
changed on the premises so that she could have exclusive
possession of the premises and be free of the harassment
of her husband.   That thereafter and before the final
hearing the defendant entered said premises against the
will of the plaintiff, and would not leave, but continued to
live there, and during that time the plaintiff and defend-
ant did not live together as husband and wife, but did live
in the same house, but that she had a small and separate
room in the house for herself and child; that the defend-
ant did not eat at the home of the plaintiff, and that
they did not converse with each other, but the defendant
did sleep in his room in the residence, against the wishes
of the plaintiff, but which she could not control.   That, a
short time after the order was rendered for support and
after the injunction was issued, as stated, the defendant
filed a motion in the chancery court to set aside the
temporary order, without giving written notice, although
the decree stated that he was served with summons and
notice for support and injunction.   That no answer was
filed in said action denying anything stated in the com-
plaint, and more than twenty days had elapsed since the
service of summons and notice.   That the court dismissed
the complaint of the plaintiff on account of the fact that
the defendant, since the said order, lived on the premises,
under the conditions as herein stated, and the plaintiff
lived in a small room on the premises with her child, and
never spoke to each other; and the court further stated
that, although the defendant failed to support the plain-
tiff, no action can be had against a defendant if he lived at
the home of the plaintiff, after the action was instituted
by the plaintiff, and that she must not live in the same
house with her husband before she could ask for support
for herself and child through the courts of Arkansas,
under the action of maintenance and support.   Witness
our hands by the attorneys of record this the 25th day of

August, 1926. Prayed an appeal to the Supreme Court of Arkansas, which was granted.

                  (Signed)    "Ben F. Reinberger,

                  (Signed)    "T. E. Helm."

It appears from the agreed statement of facts that the decree annulling the order for temporary alimony and restraining the sale of appellee's certificate of stock in the abstract company until he should give a bond to perform the order of the court, and in dismissing appellant's complaint, was made upon the ground that the parties had been residing in the same house since the rendition of the original decree. Living under the same roof or in the same house by consent, either express or implied, would warrant a court in finding that the charge made the basis for a claim for alimony had been condoned; but, where a husband entered and remained in his wife's home by force, occupying a room therein separate and apart from her and not conversing or eating with her, as the record reflects was done in this case, there was no condonation of the charge. The trial court erred therefore in annulling the original decree on the ground that the parties had resided together since the rendition thereof in the same house, or under the same roof. It affirmatively appears that their marital relations were not resumed, and that appellant did not consent or acquiesce in appellee entering her home and remaining therein. According to the agreement of facts, he entered and remained in appellant's home by force.

On account of the error indicated the decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.